# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANIEL J. KLUDT, | Case No. 17-CV-3842 (PAM/KMM) |
| Plaintiff, | |
| v. | |
| MCF-RUSH CITY; OFC. KUNZE, *Indiv. & Offic. capacity*; A-W, *Indiv. & Offic. capacity*; RUSH CITY MUNICIPAL WATER SOURCE; MCF-RUSH CITY MED. SERVICES; JEFF TITUS, *Indiv. & Offic. capacity*; TOM ROY, *Indiv. & Offic. capacity*; RUSH CITY, MN; EDWARD J. CLEARY; TRINA HENDRICKSON, *Indiv. & Offic.*; and BECKY GROSS, *Indiv. & Offic.*; | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This matter is before the Court on a motion to dismiss Daniel J. Kludt's Third Amended Complaint. [Defs.' Mot., ECF No. 38; Third Am. Compl., ECF No. 28.] The motion was filed by the following defendants: MCF-Rush City, Officer Kunze, Jeff Titus, Tom Roy, A-W, MCF-Rush City Medical Services, the State of Minnesota, Chief Judge Edward J. Cleary, Trina Hendrickson, and Becky Gross (collectively "State Defendants"). The State Defendants raise several arguments in favor of their motion to dismiss. [Defs.' Mem., ECF No. 41.] Mr. Kludt has not responded to the motion. For the reasons that follow, the Court recommends that the State Defendants' motion be granted and the Third Amended Complaint be dismissed in its entirety.

## PLAINTIFF'S ALLEGATIONS

The Third Amended Complaint includes a concise list of allegations in six paragraphs. First, the Third Amended Complaint appears to assert a discrimination claim pursuant to 42 U.S.C. § 1983 and two Minnesota statutes.[1] Mr. Kludt alleges that "in June 2017, Jeff Titus, OFC. Kunze, Tom Roy, A/W, State of Minnesota, discriminated against [Mr. Kludt] while actively preforming in Plaintiffs' invalid capacity, while exiting & or entering a medical detector. The discrimination resulted in injury[,]" which is physical, emotional, and mental.  [Third Am. Compl. ¶ I.]

Second, the Third Amended Complaint alleges a violation of Mr. Kludt's constitutional rights based on the poor quality of the water at the MCF-Rush City prison facility. The pleading asserts that throughout 2017 "MCF-Rush City, Rush City MN, Jeff Titus, Tom Roy, Rush City Municipal Water Source, State of Minnesota, Edward J. Cleary, provided excessively contaminated $H^2O$ without access to an alternative, resulting in injury to Plaintiff." [Third Am. Compl. ¶ II.]

Third, Mr. Kludt asserts what appears to be a § 1983 claim[2] that he was denied access to the courts. He asserts that on November 3, 2017, "Jeff Titus, Tom Roy,

---

[1]     For reasons that are unclear, in several places the Third Amended Complaint references Minn. Stat. § 541.051, subd. 1(c), and Minn. Stat. § 604.04. The former provides that certain causes of action accrue upon discovery of an injury for purposes of calculating a limitations period. *Id.*, § 541.051, subd. 1(c). The latter requires an attorney for a person who intends to claim an injury caused by a product to provide notice of the claim within six months of establishing an attorney-client relationship. Minn. Stat. § 604.04, subd. 1. Neither of these statutes appears to be implicated by the allegations in the pleading.

[2]     This paragraph also includes a reference to Minn. Stat. § 3.736, which is commonly referred to as the Minnesota Tort Claims Act. This statute provides that the State of Minnesota "will pay compensation for injury to or loss of property or personal injury or death caused by an act or omission of an employee of the state while acting within the scope of office or employment . . . under circumstances where,

(*footnote continued on following page*)

Dept. of Corrections, State of Minnesota, interfered with legal help I depend on to exercise my rights, violations consistent with this occurred in Oct. of 2017 as well." [Third Am. Compl. ¶ III.]

Fourth, the Third Amended Complaint includes a § 1983 claim for retaliation based on religion. Mr. Kludt alleges that on September 21, 2017, "Hendrickson Trina, Dept. of Corrections, Tom Roy, retaliated against [Mr. Kludt] for reasons consistent with religious belief, in relations to treatment choices." [Third Am. Compl. ¶ IV.]

Fifth, Mr. Kludt asserts a § 1983 claim that appears to be based on a requirement that he engage in labor despite the fact that he is disabled.[3] He alleges that throughout 2017, "the State of Minnesota, Dept. of Corrections, Tom Roy, Becky Gross, MCF-Rush City Med. Services, Edward J. Cleary, forced [Mr. Kludt] to perform labor although [he] has been deemed 100 percent disabled, amongst other things." [Third Am. Compl. ¶ V.]

Finally, Mr. Kludt brings a §1983 claim based on an allegation that he was exposed to harmful inhalants while in the prison. Specifically, he states that on September 20, 2017, "the State of Minnesota, Dept. of Corrections, Tom Roy, Jeff Titus, gassed [Mr. Kludt] via the prison's ventilation system." [Third Am. Compl. ¶ VI.]

---

(*footnote continued from previous page*)

if a private person, would be liable to the claimant, whether arising out of a governmental or proprietary function." *Id.*, § 3.736, subd. 1.

[3]   In the improperly filed Second Amended Complaint, Mr. Kludt and his then co-plaintiff Mr. Thomas alleged that the Minnesota Department of Corrections violated the Thirteenth Amendment by forcing Mr. Kludt "to engage in labor his is not suitable to perform." [Second Am. Compl. ¶ 3, ECF No. 19.] Though the Second Amended Complaint is not now the operative pleading, and indeed never was, this allegation aids the Court in understanding the nature of Mr. Kludt's claim.

## DISCUSSION

The State Defendants raise five arguments in their motion to dismiss the Third Amended Complaint. First, they contend that the pleading should be dismissed because it fails to state a claim upon which relief can be granted. Second, they argue that Mr. Kludt's claims against the State of Minnesota and its agencies, as well as any official-capacity claims against individual State officers, should be dismissed based on Eleventh Amendment immunity. Third, the State Defendants argue that State agencies and officials cannot be sued in their official capacities under 42 U.S.C. § 1983 because they are not "persons" who are subject to suit under that statute. Fourth, they contend that the Third Amended Complaint should be dismissed because it fails to comply with Rule 20's proscription on joining disparate claims against different defendants in a single lawsuit. Finally, the State Defendants argue that if all the federal claims in this case are dismissed, the Court should decline to exercise jurisdiction over Mr. Kludt's state law claims.

### *Desean Thomas' Involvement*

Mr. Kludt filed the Third Amended Complaint in response to this Court's October 30, 2017 Order explaining that the earlier efforts he and his former co-plaintiff, Desean Lamont Thomas, had made at pleading their claims were deficient. [Order (Oct. 30, 2017), ECF No. 26.] Mr. Thomas is no longer a named plaintiff in this litigation. However, it appears Mr. Thomas, going by the name "Young Black Lion," assisted Mr. Kludt with the preparation of the Third Amended Complaint. [Third Am. Compl. at 1 ("Please Take Notice: that Young Black Lion is before the Court as Plaintiff's Fiduciary Guardian."); *id.* at 3 (signature block indicating that Desean Thomas identifies himself as Young Black Lion and holds himself out to be the representative of Mr. Kludt).]

As the defendants point out, there is no support in the record for the Court to conclude that Mr. Thomas has been appointed as Mr. Kludt's legal guardian. [Defs.' Mem. at 1 n.1, ECF No. 41.] Mr. Thomas is a non-lawyer, and as such, he cannot

appear on Mr. Kludt's behalf. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994). Therefore, Mr. Thomas is not permitted to sign pleadings for Mr. Kludt or otherwise represent his interest.

Even though Mr. Thomas appears to have improperly signed the Third Amended Complaint as though he were acting as Mr. Kludt's legal guardian or attorney, the Court will not recommend dismissal on the basis of Mr. Kludt's failure to sign the amended pleading. Rather, the Court will examine the substance of the Third Amended Complaint and address the State Defendants' arguments.

### *Failure to State a Claim*

The State Defendants' primary argument is that the Third Amended Complaint fails to state a claim for which relief can be granted. When a party moves to dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court asks whether the complaint contains sufficient factual allegations to plausibly show that the plaintiff is entitled to relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's conclusory allegations are insufficient to meet this standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). However a court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).

The Court must construe a pro se complaint, like the one here, liberally. Nevertheless, such a pleading must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). In liberally construing the Third Amended Complaint, the Court endeavors to place the factual allegations in the proper legal framework, regardless of the labels used by Mr. Kludt. *See id.* at 915 ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Several of the claims in the Third Amended Complaint should be dismissed because Mr. Kludt has failed to provide anything more than conclusory assertions, which are insufficient to state any claim that is plausible on its face. First, Paragraph I of the Third Amended Complaint merely states that various defendants discriminated against Mr. Kludt based on his "invalid capacity," causing him injury, without providing anything more. Second, the assertion in Paragraph III that several defendants "interfered" with legal assistance Mr. Kludt needed to exercise his rights is merely conclusory and parrots the elements of an access-to-courts claim. Third, the assertion in Paragraph IV that several defendants "retaliated" against Mr. Kludt for reasons related to religious beliefs is devoid of factual assertions that raise any entitlement to belief beyond the speculative level. These Paragraphs amount to no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. The Court concludes that the claims in Paragraphs I, III, and IV of the Third Amended Complaint should be dismissed pursuant to Rule 12(b)(6).

Though the allegations in Paragraphs II, V, and VI are slightly less conclusory, they also fail to satisfy applicable pleading requirements. As to those paragraphs, Mr. Kludt has not asserted facts that explain what each defendant did to allegedly harm him. In Paragraph II, he lumps together several defendants and asserts that they provided contaminated water. He provides a similar list of defendants in Paragraph V and asserts that they required Mr. Kludt to work despite the fact he is totally disabled. And in Paragraph VI, he again groups together several defendants and claims that he was "gassed" through the ventilation system.[4] This grouping of defendants followed by a generalized assertion of wrongdoing does not explain which defendant engaged in what precise activity that allegedly harmed Mr. Kludt. When a complaint generally lumps all defendants together, it does not comply with Rule 8. *See Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all

---

[4] Paragraphs I, III, and IV share this same problem, but because the Court finds those allegations fail to satisfy the pleading requirements set forth in *Iqbal*, 556 U.S. at 678, further analysis is unnecessary.

defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-cv-60602, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [ ] Complaint fails to satisfy the minimum standard of Rule 8.").[5] As such, none of the allegations in these paragraphs "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In addition, to the extent that Mr. Kludt is asserting that any of the defendants identified in Paragraphs II, V, and VI are liable simply because they occupy supervisory roles, the Third Amended Complaint fails to state a claim pursuant to § 1983. Plaintiffs asserting § 1983 claims cannot proceed on a theory of respondeat superior, but instead, they must identify what each official did, through his or her own actions, to violate the plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 676 (explaining that in § 1983 suits "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Because Mr. Kludt fails to allege any of the defendants' personal involvement in the actions of which he complains in these paragraphs, he has failed to state a supervisory liability claim under § 1983.

For these reasons, the Court concludes that Mr. Kludt's claims under 42 U.S.C. § 1983 should be dismissed for failure to state a claim. Accordingly, the Court need not address the alternative rationales for dismissal offered by the State Defendants.

---

[5]    Ordinarily, a court recommending dismissal for failure to comply with Rule 8 would also give a plaintiff leave to amend. *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983). However, on the record here, the Court does not recommend that further leave to amend be granted. The Third Amended Complaint marks the third attempt at adequately pleading claims in this action, and there is no indication that another opportunity at pleading will solve the problems identified here.

*State Law Claims*

Because the Court concludes above that all of Mr. Kludt's federal claims should be dismissed for failure to state a claim, it agrees with the State Defendants that the Court should decline to exercise supplemental jurisdiction of Mr. Kludt's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The State Defendants' Motion to Dismiss **[ECF No. 38]** should be **GRANTED**.

2. Mr. Kludt's federal constitutional claims brought under 42 U.S.C. § 1983 should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

3. The Court should decline to exercise supplemental jurisdiction over Mr. Kludt's state law claims, and those claims should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

Dated: May 30, 2018            *s/Katherine Menendez*
                               Katherine M. Menendez
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR

72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).